FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2013 JAN 29 AM 11: 10

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

| | |
|---|---|
| DIGITAL SATELLITE CONNECTIONS, LLC, and KATHY KING<br>    Plaintiff,<br><br>v.<br><br>DISH NETWORK CORPORATION,<br>DISH NETWORK, LLC,<br>DISHNET SATELLITE BROADBAND, LLC,<br>    Defendants. | CASE NO. 5:13-cv-47-OC-22PRL<br><br>JURY TRIAL REQUESTED |

## COMPLAINT
### FOR INJUNCTIVE RELIEF AND DAMAGES

DIGITAL SATELLITE CONNECTIONS, LLC, ("Dishnet"), for its claims against DISH NETWORK CORPORATION, ("Dish Network Corporation"), DISH NETWORK, LLC ("Dish Network"), and DISHNET SATELLITE BROADBAND, LLC, ("Dishnet Satellite Broadband"), states: the DISHNET mark, registered in Florida, has been used in commerce by Dishnet throughout the United States. The use of the DISHNET mark by Dishnet's and/or its predecessors in interest commenced on or before June 1, 1999 and has been continuous up to and including the present. Defendants have knowingly and willfully infringed upon this mark -- long-held and widely used by Dishnet -- by using it in commerce and attempting to register it with the United States Patent and Trademark Office. Defendants have further committed contributory infringement by causing others to infringe upon the DISHNET mark.

Defendants have long known that DISHNET is a trademark of Dishnet, and their infringement is willful and this case is exceptional.

## PARTIES

1. Dishnet is a Florida limited liability company whose principal place of business is located in Dunnellon, Florida.

2. Kathy King ("King") is an individual residing in Dunnellon, Florida.

3. Upon information and belief, Dish Network Corporation is a Colorado corporation, with its principal place of business located in Englewood, CO.

4. Upon information and belief, Dish Network is a Colorado corporation, with its principal place of business located in Englewood, CO.

## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §1121(a), 28 U.S.C. §§1331, 1332, and 1338(a).

6. This court has personal jurisdiction over the Defendants due to their acts of direct and/or contributory trademark infringement and other unlawful acts which have caused injury in this district to Dishnet and its DISHNET trademark and to King.

7. Venue in this district is proper pursuant to 28 U.S.C. §1391(b)(2).

## FACTUAL ALLEGATIONS

**A. DISHNET AND ITS RIGHTS IN THE MARK**

8. Dishnet has sold and/or sells to the public entertainment programming, internet and cellular services from various sources including Dish Network, DirectTV, EarthLink and other communications / programming wholesalers.

9. Dishnet is the owner of all rights, title and interest in and to the mark DISHNET, which has been registered in the state of Florida as follows:

| Registration No. | Class | Services |
|---|---|---|
| L12000162008 | Service Mark | Communication services, Internet access services and Sales of television communications programming |

10. Dishnet owns and operates the dishnet.com website where it uses the DISHNET mark in connection with communication services, internet access services and sales of television communications programming.

11. Representative content from Dishnet's website at dishnet.com is:



12. Dishnet is the owner and user of the mark DISHNET, having been assigned all right title and interest in such mark, and all goodwill associated therewith, and the dishnet.com domain name, by its predecessor in interest.

13. The DISHNET mark has been in continuous use in interstate commerce by Dishnet and/or its predecessor in interest since June 1, 1999 or earlier.

14. As a result of the continuous use of the DISHNET mark referred to above, the DISHNET mark has been identified associated with Dishnet with respect to communication services, internet access services and sales of television communications programming.

15. The DISHNET mark is well-known and famous throughout the United States and associated by the public with Dishnet.

16. Dish Network Corporation, Dish Network and Dishnet Satellite Broadband have known about Dishnet and/or its predecessor in interest and their use of the DISHNET mark dating back to at least 1999.

17. Dishnet began selling DishTV programming in the 1990s. Dishnet has also been one of the largest installers of satellite dishes in the Southeast.

18. Dishnet has offered entertainment programming, internet and cellular services from various sources including Dish Network, DirectTV, EarthLink and other communications / programming wholesalers.

19. Upon information and belief, Dishnet has been Dish Network's third largest retailer in the country.

20. Dishnet estimates that Dish Network has generated over $9,000,000 per year in revenues from Dishnet's customers.

21. Dishnet has not licensed or authorized any of the Defendants to directly use or contributorily permit the use of the DISHNET mark.

**B. DEFENDANTS' WRONGFUL ACTIONS**

22. Defendants have no consent, license or approval or other authorization from Dishnet to use, directly or indirectly, or by action in concert with any direct

4

trademark infringer, the DISHNET mark in association with communication services, internet access services and sales of television communications programming.

23. Defendants have adopted and used the DISHNET mark with the willful intent to cause confusion and mistake and to deceive consumers as to the affiliation, connection or association of Dish Network Corporation, Dish Network and Dishnet Satellite Broadband to the DISHNET mark and to Dishnet.

24. Defendants know or had reason to know that they were infringing upon Dishnet's trademark and causing damage to Dishnet.

### C. THE EXCEPTIONAL NATURE OF THIS CASE

25. Defendants began filing a large number of new trademark applications in 2012, including two intent-to-use applications for the mark DISHNET for Internet services. Those applications were signed by Max Gratton and include the statement that "no other person, firm, corporation, or association has the right to use the mark in commerce . . . ."

26. Upon information and belief, Defendants are, together and/or separately, extremely sophisticated and experienced consumers of intellectual-property matters, having had ownership of more than 1,100 domain names.

27. Upon information and belief, Defendants together and/or separately, currently own approximately 600 domain names.

28. Upon information and belief, Defendants together and/or separately, recently applied to register 13 Top Level Domain Names. Each application had a $185,000 filing fee for a total of $2,405,000.

29. Upon information and belief, Defendants together and/or separately, have recently spent millions of dollars purchasing domain names from others, trademarks from others, in addition to applying for new trademark applications and top level domains.

30. On September 26, 2012, Defendants together and/or separately issued a press release to announce their new "DISHNET" offering. In this press release, one or all falsely implied they owned the dishnet.com domain name, stating, "Satellite broadband service includes five @dishNET.com email accounts, each with 2 GB of storage . . . ."

## COUNT I
### DEMAND FOR PRELIMINARY AND PERMANENT INJUNCTION PURSUANT TO 15 U.S.C. §§ 1116, 1117, 1118, and 1125

31. Dishnet incorporates all previous paragraphs of this Complaint.

32. Dishnet has a reasonable likelihood of succeeding on the merits of the claims asserted herein against Defendants.

33. Without the immediate entry of a preliminary and permanent injunction prohibiting the continued wrongful acts of Defendants, Dishnet will suffer irreparable harm and will have no adequate remedy at law.

34. In addition, the unlawful conduct of Defendants has caused and will continue to cause Dishnet damages in an amount that Dishnet will prove, and such damages shall continue to accrue unless and until their unlawful conduct is immediately enjoined and prohibited.

## COUNT II
## TRADEMARK INFRINGEMENT PURSUANT TO 15 U.S.C. § 1125

35. Dishnet incorporates all previous paragraphs of this Complaint.

36. Defendants' unlawful actions constitute an unlawful use in commerce, without the consent of Dishnet, of a reproduction, counterfeit, copy or colorable imitation of Dishnet's DISHNET mark which is likely to cause confusion and mistake and to deceive, all in willful violation of 15 U.S.C. §1125.

37. Defendants' unlawful actions have caused and continue to cause Dishnet irreparable harm for which there is no adequate remedy at law. Such irreparable harm will continue until and unless their unlawful activities are preliminarily and permanently enjoined.

38. In addition, the unlawful conduct of Defendants has caused and will continue to cause Dishnet damages in an amount that Dishnet will prove, and such damages shall continue to accrue unless and until their unlawful conduct is immediately enjoined and prohibited.

## COUNT III
## FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTIONS, AND UNFAIR COMPETITION UNDER 15 U.S.C. §1125(a)

39. Dishnet incorporates all previous paragraphs of this Complaint.

40. Defendants' unlawful actions have caused and will continue to cause confusion and mistake and to deceive as to the affiliation, connection, or association of Defendants with Dishnet and its trademark and domain name, as to the origin, sponsorship, or approval of Defendants' services and commercial activities, all in

willful violation of 15 U.S.C. § 1125(a) until and unless their unlawful actions are preliminarily and permanently enjoined immediately.

41. Defendants' unlawful actions have caused and continue to cause Dishnet irreparable harm for which there is no adequate remedy at law. Such irreparable harm will continue until and unless their unlawful activities are preliminarily and permanently enjoined.

42. In addition, the unlawful conduct of Defendants has caused and will continue to cause Dishnet damages in an amount that Dishnet will prove and such damages shall continue to accrue unless and until their unlawful conduct is immediately enjoined and prohibited.

## COUNT IV
## TRADEMARK INFRINGEMENT UNDER FLORIDA STATUTORY LAW

43. Dishnet incorporates all previous paragraphs of this Complaint.

44. Defendants' unlawful actions have caused and will continue to cause confusion and mistake and to deceive as to the affiliation, connection, or association of Defendants with Dishnet and its trademark, as to the origin, sponsorship, or approval of Defendants' services and commercial activities, all in willful violation of Florida statutory law until and unless their unlawful actions are preliminarily and permanently enjoined immediately.

45. Dishnet has registered its DISHNET mark with the State of Flordia.

46. Defendants' actions constitute infringement if Dishnet's Florida Trademark Registration under Florida Statute Title XXXIII Chapter 495.131.

47. The unlawful conduct of Defendants has caused and will continue to cause Dishnet damages in an amount that Dishnet will prove, and such damages shall continue to accrue unless and until their unlawful conduct is immediately enjoined and prohibited.

## COUNT V
## TRADEMARK INFRINGEMENT UNDER FLORIDA COMMON LAW

48. Dishnet incorporates all previous paragraphs of this Complaint.

49. Defendants' unlawful actions are likely to cause confusion, and to cause mistake and to deceive as to the affiliation, connection, or association of Defendants with Dishnet as to the origin, sponsorship, or approval of Defendants' services and commercial activities, thereby willfully infringing Dishnet's common law rights in and to the DISHNET mark.

50. Defendants' unlawful actions have caused and continue to cause Dishnet irreparable harm for which there is no adequate remedy at law. Such irreparable harm will continue until and unless their unlawful activities are preliminarily and permanently enjoined.

51. The unlawful conduct of Defendants has caused and will continue to cause Dishnet damages in an amount that Dishnet will prove, and such damages shall continue to accrue unless and until their unlawful conduct is immediately enjoined and prohibited.

## COUNT VI
## CONTRIBUTORY TRADEMARK INFRINGEMENT

52. Dishnet incorporates all previous paragraphs of this Complaint.

53. Dish Network Corporation, Dish Network and Dishnet Satellite Broadband know or had reason to know that each was infringing Dishnet's trademark for the purpose of realizing profit.

54. Dish Network Corporation, Dish Network and Dishnet Satellite Broadband have willfully contributed to the infringement of the DISHNET trademark by causing others, such a Defendants' reseller and retailers, to display or otherwise use the the DISHNET mark without Dishnet's permission and thereby infringe the mark for the purpose of realizing profit.

55. Defendants' unlawful actions have caused and continue to cause Dishnet irreparable harm for which there is no adequate remedy at law. Such irreparable harm will continue until and unless their unlawful activities are preliminarily and permanently enjoined.

56. The unlawful conduct of Defendants has caused and will continue to cause Dishnet damages in an amount that Dishnet will prove, and such damages shall continue to accrue unless and until their unlawful conduct is immediately enjoined and prohibited.

### COUNT VIII
### BREACH OF CONTRACT

57. Dishnet incorporates all previous paragraphs of this Complaint.

58. King has had an agreement with Dish Network whereby Dish Network agreed to pay King amounts resulting from King's referring some of its customers to Dish Network.

59. Dish Network has failed to pay King amounts owing pursuant to the agreement.

60. King has been damaged by Dish Network's failure.

61. Dish Network's failure to pay King constitutes breach of contract.

WHEREFORE, Dishnet and King request that the Court enter Judgment in favor of Dishnet and King, and against Defendants, as follows:

    A. A temporary injunction against any use of the DISHNET mark;

    B. A permanent injunction against any use of the DISHNET mark;

    C. Attorneys' fees and costs;

    D. All profits derived by Defendants or the persons or entities they encouraged to infringe reason of the infringement;

    E. Actual or treble damages for the willful and exceptional improper usage of Dishnet's intellectual property;

    F. Award King damages for Dish Network's breach of contract;

    G. All other just and proper relief.

## REQUEST FOR TRIAL BY JURY

Dishnet and King respectfully request that all issues so triable be tried by and before a jury.

Respectfully submitted,



Paul B. Overhauser
Overhauser Law Offices, LLC
740 W. Green Meadows Dr.
Suite 300
Greenfield, IN 46140
Telephone: (317) 891-1500
poverhauser@overhauser.com

*Attorney for the Plaintiffs, Digital Satellite Connections, LLC and Kathy King*